IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Myron Taylor,<br><br>                Plaintiff,<br><br>    vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security<br>Administration,<br>                Defendant. | Civil Action No. 0:17-cv-3419-CMC<br><br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed February 7, 2019, recommends the decision of the Commissioner be affirmed. ECF No. 14. On February 21, 2019, Plaintiff filed objections to the Report. ECF No. 16. On March 6, 2019, the Commissioner filed a response to Plaintiff's objections. ECF No. 17. For the reasons stated below, the court declines to adopt the Report and remands to the Commissioner for further administrative action.

**<u>Standard</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

**Background**

Plaintiff applied for SSI in September of 2014, alleging disability as of January 1, 2012 (later amended to September 18, 2014) due to mental issues, dislocated right shoulder, lower back pain, and bipolar disorder. $R^2$. at 262. Plaintiff's application was denied initially and upon reconsideration. On March 29, 2017, a hearing was held before an Administrative Law Judge ("ALJ"). On May 31, 2017, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of decision. R. at 15-33. Plaintiff requested review by the Appeals Council, which was denied, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action December 19, 2017. ECF No. 1.

---

[2] Citations to the Record are denoted by "R."

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision. Plaintiff objects to the Report, arguing: (1) the ALJ erred in failing to properly evaluate the demands of Plaintiff's past relevant work, potential conflicts with Plaintiff's RFC, and his ability to perform alternate jobs; (2) the ALJ erred in failing to assess the credibility of Plaintiff's father; and (3) the ALJ made "multiple errors" when evaluating opinion evidence. ECF No. 16. The Commissioner argues Plaintiff's objections essentially rehash arguments made in her brief before the Magistrate Judge. ECF No. 17. She also argues Plaintiff's reliance on *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019) is misplaced. *Id.* at 2.

*1) Past Relevant Work/Alternative Jobs*

Plaintiff first argues the ALJ failed to "adequately evaluate the demands of Taylor's past work or compare them to his RFC before finding that he could return to this work." ECF No. 16 at 1. He contends the alternate jobs offered by the Vocational Expert ("VE") conflict with the Dictionary of Occupational Titles ("DOT" or "Dictionary"), and the ALJ did not resolve this conflict. *Id.* He notes the Magistrate Judge agreed, but found this error harmless based on the ALJ's findings of alternate jobs in the national economy. *Id.* at 2. Plaintiff disagrees with the Magistrate Judge's assertion that the ALJ's error was harmless, citing recent Fourth Circuit case law. *Id.* at 3.

The ALJ found Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, with nonexertional limitations; specifically, he is limited to "performing simple, routine, repetitive tasks" which he can maintain for at least two hours, and is limited to

"no required ongoing interaction with the general public or close, team-type interaction with co-workers." ECF No. 9-2 at 23. While the ALJ found Plaintiff could return to his past relevant work as a warehouse laborer or canvas laborer, the Magistrate Judge found this conclusion unsupported by substantial evidence. ECF No. 14 at 9. However, the Magistrate Judge found the ALJ's alternate finding other jobs exist in the national economy that Plaintiff could perform meant remand was not necessary. *Id.*

Plaintiff cites *Thomas*, 916 F.3d at 313-14, and argues the Magistrate Judge is in error because there is an unresolved apparent conflict between his limitation to perform "simple, routine repetitive tasks" and a GED reasoning level of 2, which is required by the alternate jobs identified by the ALJ. ECF No. 16 at 2. The Commissioner argues no conflict exists because Plaintiff was limited to simple, routine, repetitive *tasks*, as opposed to "short, simple *instructions*," and the limitation does not conflict with a GED reasoning level of 2, requiring the ability to "carry out detailed but uninvolved written or oral instructions." ECF No. 17 at 4.

If a limitation to simple, routine, repetitive tasks is akin to short, simple instructions, it appears there is an apparent conflict unresolved by the ALJ. The court acknowledges authority from other circuits finding no apparent conflict between simple tasks or work and a GED reasoning level of two. *See, e.g., Rounds v. Comm'r*, 807 F.3d 996, 1004 n.6 (9th Cir. 2015); *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Abrew v. Astrue*, 303 F. App'x 567, 569 (9th Cir. 2008) (unpublished); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) (unpublished). The Magistrate Judge relied on these cases in her recommendation to affirm the Commissioner.

5

The Fourth Circuit does not have a decision directly on point; but it recently *Thomas*, finding an apparent conflict existed between "short, simple *instructions*" and a GED level two reasoning and remanding for resolution of the conflict. 916 F.3d at 313-14; *see also Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016) (unpublished) (remanding and holding an apparent conflict existed between a limitation to "simple one-to-two step tasks with low stress" and GED reasoning level two).

Without published Fourth Circuit authority directly on point regarding simple, routine, repetitive tasks, it has been the practice in this District since *Henderson* to remand based on an apparent conflict. *See, e.g.*, *Abstance v. Berryhill*, No. 9:18-109-RMG, 2019 WL 669799 at *3 (D.S.C. Feb. 19, 2019) (holding a restriction to "simple, repetitive, routine tasks" raises a "legitimate question" as to whether Plaintiff could perform jobs requiring Level two reasoning); *Williams v. Comm'r*, No. 2:17-864, 2018 WL 4501239, at *3 (D.S.C. Sept. 20, 2018) ("The issue presented in this case [whether there is an apparent conflict between an RFC limiting plaintiffs to "simple, routine, and repetitive tasks" and GED reasoning level two] is one that has troubled district courts within the Fourth Circuit. . . . [C]onsistency among the courts of this district is important to litigants and counsel, and absent contrary authority from the Fourth Circuit, the Court . . . reverses and remands to the Commissioner."); *Iliescu v. Berryhill*, No. 4:17-cv-1067, 2018 WL 2173793, at *2 (D.S.C. May 11, 2018) "[T]he courts in this District have repeatedly applied *Henderson* to hold that RFC limitations like Plaintiff's [to simple, routine work] are in apparent conflict with jobs that require level two reasoning."); *Piner v. Berryhill*, No. 1:17-cv-317, 2017 WL 4712084, at *13-14 (D.S.C. Sept. 28, 2017) (finding a limitation to simple, routine tasks

"appears to be more consistent with GED reasoning level one than two or three because the abilities to perform simple tasks and to make simple work-related decisions in the RFC are similar to the provision for applying commonsense understanding to carry out simple instructions at GED reasoning level one. The need for routine tasks . . . is also consistent with the provision for standard situations at GED reasoning level one. In contrast, the DOT's descriptions of GED reasoning levels two and three indicate these jobs require more detail and variables than the RFC assessment describes."), *adopted without objection by* 2017 WL 4682004 (D.S.C. Oct. 18, 2017); *Pressley v. Berryhill*, No. 8:16-cv-2716, 2017 WL 4174780, at *10 (D.S.C. Aug. 24, 2017) ("In the District of South Carolina, the Court has repeatedly found that a limitation to simple or routine tasks conflicts with jobs requiring a GED reasoning of 2 or 3 and that such a conflict must be addressed and resolved by the ALJ."), *adopted without objection by* 2017 WL 4156460.

However, the ALJ also found Plaintiff could perform the position of machine feeder/tender, Dictionary of Occupational Titles code 699.686-010 (ECF No. 9-2 at 29), which has a GED reasoning level of 1. Plaintiff argues another unresolved conflict exists because a machine feeder "may work in pairs to feed or remove pieces from machine," and Plaintiff was limited to "no required . . . team-type interaction." ECF No. 16 at 4. The Commissioner contends this is not an "apparent" conflict, and Fourth Circuit authority has "flatly rejected the argument that all possible conflicts must be identified and resolved." ECF No. 17 at 3 (citing *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)). She argues the VE expressly found no conflict between the limitation for "team work" and the jobs identified, and contends raising this discrepancy after the ALJ hearing is too late. *Id.*

It is true the ALJ asked the VE to alert the court if his testimony differed from the Dictionary of Occupational Titles at any time, and requested the basis for any such opinion. R at 72. However, the Fourth Circuit has held "an ALJ has not fulfilled his affirmative duty merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [Dictionary]." *Pearson*, 810 F.3d at 208(internal citations omitted). The ALJ is required "to make an independent identification of conflicts, and to do so for apparent conflicts." *Id.* at 210. "If the ALJ does not elicit this explanation [from the VE regarding the apparent conflict], then the expert's testimony cannot provide substantial evidence to support the ALJ's decision." *Id.* at 209-10.

Here the expert's testimony seems to, but does not necessarily, conflict with the Dictionary. *Id.* at 209. The VE may be able to explain no conflict in fact exists. However, a machine feeder who "may work in pairs to feed or remove pieces from machine" (D.O.T. 699.686-010, 1991 WL 678871) does *appear* to conflict with the RFC requirement Plaintiff be limited to "no required . . . team-type interaction."

Because of this apparent conflict, the court is unable to determine whether the ALJ's decision is supported by substantial evidence. Although the Magistrate Judge is correct Plaintiff failed to point to any authority directly on point to support his position, the precise conflict need not have been considered previously to be deemed "apparent." In this case, the court is persuaded *Pearson* is on point: "Comparing the Dictionary definition to [plaintiff's] limitations, the vocational expert's testimony that [plaintiff] could fulfill the requirements of these occupations apparently conflicts with the dictionary. . . . It is the purview of the ALJ to elicit an explanation from the expert." 810 F.3d at 211.

8

An apparent conflict, however, does not mean Plaintiff is simply unable to perform the position of a machine feeder:

> Deciding that the vocational expert's testimony apparently conflicts with the Dictionary here does not mean that an ALJ must find [claimant] unable to perform these jobs. Rather, it simply means that the ALJ and the expert should address exactly what [limitation] the stated occupations require and whether the claimant can fulfill these requirements.

*Id.* As applied here, the ALJ need not determine there is a conflict and that it means Plaintiff cannot meet the requirements of a machine feeder, but must directly address the apparent conflict and determine whether Plaintiff can fulfill a position the Dictionary states "may work in pairs to feed or remove pieces from the machine," given the limitation of no required "team-type" interaction. Further, even if some machine feeders are not required to ever work in pairs, the number of such positions in the national economy matters: the "vocational expert must testify to how many of these positions" do not require work in pairs. *See Pearson*, 810 F.3d at 211. If too many of these jobs require work in pairs, the ALJ must find Plaintiff cannot perform this position. *Id.*

For the reasons above, remand is required to address an apparent conflict between Plaintiff's limitations and the proposed job of machine feeder. In addition, the ALJ should elicit testimony from the VE regarding whether a job requiring a GED reasoning level of 2 would allow Plaintiff's limitation to "simple, routine, repetitive tasks."

### 2) *Credibility Determination and Opinion Evidence*

Plaintiff next argues the ALJ failed to assess the credibility of Plaintiff's father. ECF No. 16 at 6. He contends this testimony relates to a central issue in the claim, shows "lack of reality

and limited insight in many of Taylor's own statements," and is supported by record evidence. *Id.* at 7. Finally, Plaintiff argues the ALJ "made multiple errors in evaluating the opinion evidence," including weight assigned to various providers. *Id.* Specifically, he objects to the ALJ's evaluation of Dr. Cherry's opinions.

As remand is required on the issues above, the ALJ should consider the remaining issues raised by Plaintiff regarding his father's credibility and evaluation of the opinion evidence.

### Conclusion

For the reasons set forth above, the court declines to adopt the Report and Recommendation of the Magistrate Judge and remands for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).[3]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 28, 2019

---

[3] The clerk of the Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.